UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUCCI AMERICA, INC., BALENCIAGA, S.A., and BALENCIAGA AMERICA, INC.,

Plaintiffs,

-v-

CURVEAL FASHION d/b/a REPLICASI.COM and SEMELUR.COM, et al.,

Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/30/09

No. 09 Civ. 8458 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the attached December 29, 2009 joint letter, submitted by Plaintiffs and third-party United Overseas Bank Limited, Singapore, which requests a conference to discuss a discovery dispute. IT IS HEREBY ORDERED THAT this case is referred to the Honorable Theodore H. Katz, Magistrate Judge, for general pre-trial purposes. The parties should contact Judge Katz's chambers to resolve this dispute and any future pre-trial matters. The conference scheduled for January 7, 2010 will, however, take place before the Court as scheduled.

SO ORDERED.

DATED:  December 30, 2009
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

RWeigel@gibsondunn.com

December 29, 2009

Direct Dial

(212) 351-3845
Fax No.

(212) 351-5236

Client No.

T 35409-00027

VIA EMAIL

Hon. Richard J. Sullivan
United States District Judge
United States District Court
500 Pearl Street, Room 615
New York, New York 10007
sullivannysdchambers@nysd.uscourts.gov

Re: *Gucci America, Inc. et al. v. Curveal Fashion et al.*, No. 09 Civ. 8458 (RJS)

Dear Judge Sullivan:

Pursuant to Local Rule 37.2 and Rule 1(F) of this Court's Individual Practices, plaintiffs Gucci America Inc., Balenciaga, S.A. and Balenciaga America, Inc. (collectively "Plaintiffs") and third party United Overseas Bank Limited, Singapore ("UOB") respectfully submit this joint letter to request an informal conference with the Court concerning the failure of UOB to produce documents responsive to Plaintiffs' subpoena in the above-referenced matter and non-compliance with this Court's order of October 23, 2009 (the "October 23 Order").

### Plaintiffs' Position

Plaintiffs commenced this action against defendants Curveal Fashion d/b/a ReplicaSi.com and Semelur.com and Joseph Lee a/k/a Joe Yap (collectively "Defendants") pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq. and related state law causes of action to prevent Defendants from selling counterfeit goods in violation of Plaintiffs' trademark rights. This Court entered a temporary restraining order and converted the order to a preliminary injunction on October 23, 2009. The October 23 Order restrained any person or financial institution from "transferring, disposing of, or secreting any money, stocks, bonds, real or personal property or other assets of Defendants" and directed that "any other third party receiving a subpoena pursuant to this Order shall produce documents responsive to such requests within ten (10) days of service." The October 23 Order further provided that "any third party . . . may appear and move for the dissolution or modification of any provision of this Order that impact upon it."

According to records obtained from the Royal Bank of Scotland ("RBS"), funds from the sale of counterfeit goods were processed through Curveal Fashion's RBS account and transferred to an account in the name of Curveal Fashion at United Overseas Bank Malaysia ("UOB (Malaysia)"). During the most recent 12-month period, such transactions totaled approximately 563,000 GBP (approximately $900,000 at the current exchange rate). On November 5, 2009, Plaintiffs served a subpoena (the "Subpoena") on UOB, which has a New York Agency with offices at 592 5th Avenue, 10th Floor, New York, New York, 10036. The Subpoena called for production on November 16, 2009.

On November 13, 2009, counsel for UOB, which is the parent of UOB (Malaysia), sent Plaintiffs' counsel a letter stating that no responsive documents were maintained at the New York Agency, and that in any event Singapore bank secrecy law prohibits the disclosure of materials requested in the Subpoena. UOB failed to seek relief from the October 23 Order or move to quash the Subpoena.

Plaintiffs submit that UOB is required to comply with the October 23 Order and with the Subpoena, and has waived any objection to this Court's order by simply ignoring the October 23 Order and not seeking its modification. *See Ehrlich v. Inc. Vill. of Sea Cliff*, 2007 U.S. Dist. LEXIS 40215 (E.D.N.Y. June 1, 2007). Even if UOB legitimately believed that complying with the October 23 Order would subject it to penalties in Singapore, the appropriate remedy was to seek relief from the contested order, not simply to ignore it. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975).

Even if UOB had not waived its objections, it is clear that UOB was required to produce the documents. *First*, a parent corporation doing business in New York has an obligation to produce documents in the custody of its foreign subsidiary. UOB, the parent of UOB (Malaysia) is clearly doing business in New York through its New York Agency, and is therefore required to produce documents held by its subsidiary pursuant to this Court's order. *See Dietrich v. Bauer*, No. 95. Civ. 7051(RWS), 2000 WL 1171132, at *4 (S.D.N.Y. Aug. 16, 2000) (bank doing business in New York was required to produce documents held abroad by its subsidiary); *Bank of Tokyo-Mitsubishi, Ltd., New York Branch v. Kvaerner*, 671 N.Y.S.2d 902, 904-05 (N.Y. Sup. 1998) ("if a party subject to the court's in personam jurisdiction controls a foreign corporate entity the party, by virtue of its control, should be obligated to produce any and all appropriate discovery under its aegis, *including that under the control of its subsidiary, wherever the subsidiary may be located*.") (emphasis added). The account maintained at UOB was central to the counterfeiting operation. Almost $1 million in proceeds flowed through the account in the last 12 months alone. The ability to enforce this Court's order depends in this suit on Plaintiffs gaining access to these bank records. UOB, which is doing business in New York, has no legitimate reason for withholding the information.

*Second*, the banking laws of both Singapore and Malaysia expressly provide exemptions from prohibitions against disclosure of customer account information where the bank is served with a garnishee order. Part I of the Third Schedule to the Singapore Banking Act expressly authorizes disclosure of bank records when "disclosure is necessary for compliance with a garnishee order served on the bank attaching moneys in the account of the customer." Similarly, the Malaysian Banking and Financial Institutions Act of 1989, Section 99(e) expressly authorizes disclosure of bank records when the bank has been served "a garnishee order attaching moneys in the account of the customer."

*Third*, UOB's obligation to comply with a Court order is not negated by any secrecy laws in force in a foreign jurisdiction, even assuming such laws were applicable. Having chosen to avail itself of the privilege of doing business in the United States, UOB must comply with a valid order issued by a U.S. court. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992); *see also First Nat'l City Bank of New York v. IRS*, 271 F.2d 616, 620 (2d Cir. 1959) ("If the Bank cannot, as it were, serve two masters and comply with the lawful requirements both of the United States and Panama, perhaps it should surrender to one sovereign or the other the privileges received therefrom.").

### UOB's Position

UOB cannot comply with the Subpoena because (1) any responsive documents are maintained at UOB (Malaysia) and UOB lacks the authority to provide such records, and (2) the banking secrecy laws of both Singapore and Malaysia prohibit disclosure of such information. UOB rejects Plaintiffs' position that it is obligated to comply with the Subpoena notwithstanding the location of responsive documents, if any, or the applicability of foreign bank secrecy laws.

UOB further objects to the Subpoena because it refers to "Overseas Bank Limited," rather than United Overseas Bank Limited, as UOB indicated in its letter of November 13, 2009. A simple Google search of Overseas Bank Limited will reveal many banks, in addition to UOB, with similar names, such as Antigua Overseas Bank Limited, Habib Overseas Bank Limited and the like.

Counsel for Plaintiffs and UOB have engaged in numerous discussions in an attempt to resolve the issue without judicial intervention, to no avail. However, UOB has since requested an advisory opinion from the Malaysian Central Bank regarding whether or not it is permitted to, and to what extent it may, comply with the Subpoena. If disclosure is determined to be permissible by the Central Bank, then UOB respectfully submits that it will comply to the fullest extent allowed by law. We therefore respectfully request that the Court schedule a conference to resolve this dispute.

Respectfully,

Robert L. Weigel
Counsel for Plaintiffs

Nicholas Donovan
Counsel for United Overseas Bank Limited, Singapore

cc: All Defendants